Vanessa R. Waldref
United States Attorney
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767



FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 09 2022

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, DIANE FRANCISCO,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN FINANCIAL NETWORK, INC.; JACK SHERMAN; and JOHN SHERMAN,<br><br>　　　　　　　Defendants. | No. 2:19-cv-00075-SAB<br><br>**FILED *EX PARTE*****AND UNDER SEAL**<br><br>UNITED STATES' NOTICE OF ELECTION TO INTERVENE AND DISMISSAL PURSUANT TO FED R. CIV. P. 41(a) |

　　　　Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2), the United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter and Tyler Tornabene, Assistant United States Attorneys, respectfully file this Notice of Election to Intervene in the action as to Defendant American Financial Network, Inc. (AFN) for purposes of effectuating the final Settlement Agreement between the United States, Defendant AFN, and Relator Diane Francisco (hereinafter collectively the Parties). The United States further dismisses the action pursuant to the final settlement agreement between the Parties and pursuant to Fed. R. Civ. P. 41(a).

　　　　On June 3, 2022, the Parties reached and finalized a Settlement Agreement resolving this matter in its entirety. The Settlement Agreement is attached hereto as Exhibit 1.

　　　　Pursuant to the Settlement Agreement, the United States dismisses this action

USA'S NOTICE OF ELECTION TO INTERVENE AND DISMSISAL - Page 1

pursuant to Fed. R. Civ. P. 41(a). Pursuant to the Settlement Agreement, dismissal is with prejudice as to Relator, and with prejudice as to the United States to the extent of the Covered Conduct (as defined in the Settlement Agreement) and otherwise without prejudice as to the United States only.

Additionally, pursuant to the False Claims Act, 31 U.S.C. § 3730, the United States respectfully requests that the Court unseal this action, and all papers and certain documents filed in this action, including this Notice. The United States respectfully requests that the Court unseal all papers and Orders filed in this action, with the exception of ECF Nos. 6, 8.2, 11, 14, 17, 19.2, and 21.2, which describe and discuss the United States' pre-filing investigation and confidential settlement discussions between the Parties, and were provided to the Court alone for purposes of evaluating the United States applications to extend the seal and the time period for intervention. A proposed Order accompanies this Notice for the Court's consideration.

Because Defendants have not answered or filed a motion for summary judgment, a stipulation of dismissal is not required pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). However, undersigned counsel have conferred with counsel for Defendant AFN as well as counsel for Relator, who are aware of the dismissal as agreed to and who concur in this filing.

RESPECTFULLY SUBMITTED: June 9, 2022.

Vanessa R. Waldref
United States Attorney

Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Eastern District of Washington
920 W. Riverside Drive, Suite 340
Spokane, WA 99201-1494
Telephone: (509) 353-2767
Email: Daniel.Fruchter@usdoj.gov
*Counsel for the United States of America*

USA'S NOTICE OF ELECTION TO INTERVENE AND DISMSISAL - Page 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2022, a true and correct copy of the foregoing *United States' Notice of Election to Intervene and Dismissal* was emailed to counsel for the Relator as follows:

| | |
|---|---|
| Thomas G. Jarrard<br>1020 N. Washington St.<br>Spokane, WA 99201 | tjarrard@att.net |
| J. Nelson Thomas<br>Michael Lingle<br>Jonathan Ferris<br>Thomas & Solomon LLP<br>693 East Avenue<br>Rochester, NY 14607 | nthomas@theemploymentattorneys.com<br>mlingle@theemploymentattorneys.com<br>jferris@theemploymentattorneys.com |

_____
Dan Fruchter
Assistant United States Attorney

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Attorney's Office for the Eastern District of Washington and on behalf of the Department of Housing and Urban Development ("HUD") and its Federal Housing Administration ("FHA") (collectively the "United States"), American Financial Network Inc. ("AFN"), and Diane Francisco ("Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.     Since at least December 2011, AFN, a mortgage lender with its principal place of business in Brea, California, has been a participant in HUD's Direct Endorsement Lender Program, a Government program administered by FHA and HUD. Through the Direct Endorsement Lender program, approved lenders such as AFN are authorized to originate, underwrite, and approve mortgage loans to be insured by FHA without prior HUD review or approval. Once a mortgage loan is insured by FHA, if the borrower defaults on or is unable to repay the mortgage, the lender who holds the mortgage note can submit a claim for insurance benefits to FHA to cover its losses.

B.     On March 8, 2019, Diane Francisco ("Relator") filed a *qui tam* action in the United States District Court for the Eastern District of Washington captioned *United States ex rel Diane Francisco v. American Financial Network Inc., Jack Sherman, and John Sherman,* cause number 2:19-CV-00075-SAB, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) ("the Civil Action"). Relator's complaint alleged, *inter alia,* that AFN violated HUD requirements in its origination, underwriting,

and quality control of FHA-insured mortgage loans by endorsing ineligible mortgages for FHA insurance.

C.  The United States contends that it has certain civil claims against AFN arising from AFN's violations, from December 2011 through March 2019, of FHA requirements in the origination, underwriting, and quality control of the mortgages identified by FHA Case No. in Attachment A to this Agreement. Specifically, the United States contends that between December 2011 and March 2019, AFN knowingly failed to ensure that the loans identified on Attachment A qualified for FHA insurance; knowingly underwrote those loans improperly in violation of material FHA origination and underwriting requirements, and knowingly failed to perform quality control reviews as required. The conduct alleged in this is referred to herein as the Covered Conduct.

D.  This Settlement Agreement is neither an admission of liability or wrongdoing by AFN nor a concession by the United States that its claims are not well founded.

E.  Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

2

## TERMS AND CONDITIONS

1. AFN shall pay to the United States $1,037,145 (Settlement Amount), of which $518,572.50 is restitution, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Washington no later than 7 days after the Effective Date of this Agreement.

2. Conditioned upon the United States receiving the Settlement Amount and as soon as feasible after receipt, the United States shall pay $228,172 to Relator by electronic funds transfer (Relator's Share).

3. AFN shall pay to the Relator's counsel $350,000 in full satisfaction of all claims for expenses, attorney's fees and costs in connection with the Civil Action. AFN shall make this payment, by electronic funds transfer pursuant to written instructions to be provided by Relator's counsel, no later than 7 days after the Effective Date of this Agreement so long as the written instructions and a completed W-9 tax form for the payee are provided on or before the Effective Date of this Agreement.

4. Subject to the exceptions in Paragraph 6 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, the United States releases AFN, together with its current and former parent corporations, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Financial Institutions Reform Recovery, and Enforcement Act of 1989,

3

12 U.S.C. 1833(a); or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

5.     Upon the United States' receipt of the Settlement Amount, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases AFN together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners, employees, officers, and directors; and the corporate successors and assigns of any of them from any civil monetary claim the Relator has on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, and any additional claims Relator has alleged in the Civil Action.

6.     Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

    a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b.    Any criminal liability;

    c.    Except as explicitly stated in the Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

    d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e.    Any liability based upon obligations created by this Agreement;

4

    f.  Any liability of individuals;

  7.  Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the Relator's Share, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

  8.  Relator, for her and for her heirs, successors, attorneys, agents, and assigns, releases AFN, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners, employees, officers, and directors; and the corporate successors and assigns of any of them, from any liability to Relator for any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Relator has asserted, could have asserted, or may assert in the future against the released entities and persons including but not limited to those arising from the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs.

  9.  AFN waives and shall not assert any defenses AFN may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth

Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10. AFN fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that AFN has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

11. AFN, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners, employees, officers, and directors; and the corporate successors and assigns of any of them, fully and finally releases the Relator from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that AFN, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners, employees, officers, and directors; and the corporate successors and assigns of any of them, has asserted, could have asserted, or may assert in the future against the Relator, related to the Covered Conduct and the Relator's investigation and prosecution thereof.

12.   a.   Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of AFN, and its present or former officers, directors, employees, shareholders, and agents in connection with:

    (1)   the matters covered by this Agreement;

6

  (2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

  (3) AFN's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

  (4) the negotiation and performance of this Agreement;

  (5) the payment AFN makes to the United States pursuant to this Agreement and any payments that AFN may make to Relator, including costs and attorneys fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

  b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by AFN, and AFN shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

  c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, AFN shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by AFN or any of its subsidiaries or affiliates from the United States. AFN agrees that the United States, at a minimum, shall be entitled to recoup from AFN any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected

agencies, reserves its rights to audit, examine, or re-examine AFN's books and records and to disagree with any calculations submitted by AFN or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by AFN, or the effect of any such Unallowable Costs on the amount of such payments.

13. This Agreement is intended to be for the benefit of the Parties only.

14. Upon receipt of the payment described in Paragraph 1, above, the United States and Relator shall promptly sign and file in the Civil Action a Dismissal of the Civil Action pursuant to Rule 41(a)(1). Dismissal as to all defendants shall be with prejudice as to Relator, and with prejudice as to the United States to the extent of the Covered Conduct, and otherwise without prejudice as to the United States only. The proposed Dismissal is attached hereto as Attachment B.

15. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

16. Each Party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

17. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Eastern District of Washington. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

19. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

20. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

21. This Agreement is binding on AFN's successors, transferees, heirs, and assigns.

23. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

24. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

25. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

Vanessa R. Waldref
United States Attorney
Eastern District of Washington

DATED: 6/3/22

*/s/ Dan Fruchter*
Dan Fruchter
Assistant United States Attorney

DATED: 6/3/22

*/s/ Tyler Tornabene*
Tyler Tornabene
Assistant United States Attorney

DATED: 6/3/22

*/s/ Frieda K. Zimmerman*
Frieda K. Zimmerman
Special Assistant United States Attorney

10

DATED: 6-1-2022

AFN - DEFENDANT

_____
Jonathan Gwin, Esq.
Chief Operating Officer
American Financial Network Inc.

DATED: 6-2-22

_____
Mitchel H. Kider
Weiner Brodsky Kider, P.C.
Counsel for American Financial Network

11

DIANE FRANCISCO-RELATOR

DATED: 06/01/2022

*Francisco*

Diane Francisco
Relator

DATED: 6/1/22

Sam Buffone
Black & Buffone PLLC
Counsel for Relator

12

Attachment A

011-8511353
011-8631966
042-9466725
043-8875517
044-4990865
044-5345850
045-7724073
045-8255089
048-7112284
048-8051890
048-9161294
048-9575869
049-0565068
093-8767967
095-4599998
137-8358901
161-3768114
181-3268009
181-3317095
197-7601198
198-0126804
198-0668368
221-5816901
263-6088173
351-6641212
352-8437025
352-8471519
352-8479462
387-2677858
421-5477159
446-3160938
461-6502283
461-6508598
461-6760604
461-7127866
512-1832668
512-2644450
523-0098236
581-5699149

## ATTACHMENT B

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, DIANE FRANCISCO, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN FINANCIAL NETWORK, INC.; JACK SHERMAN; and JOHN SHERMAN, <br><br> Defendants. | No. 2:19-cv-00075-SAB <br><br> **FILED UNDER SEAL** <br><br> [PROPOSED] ORDER |

### [PROPOSED] ORDER

Upon receipt of the United States' dismissal, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, it is ORDERED that:

1. This action is hereby DISMISSED, with prejudice as to Relator, and with prejudice as to the United States to the extent of the Covered Conduct as defined in the Settlement Agreement between the Parties, and otherwise without prejudice as to the United States only;

2. This action, and all papers and Orders, shall be unsealed, with the exception of ECF Nos. 6, 8.2, 11, 14, 17, 19.2, and 21.2, which shall remain under seal;

3. The seal shall be lifted on all matters occurring in this action after the date of this Order; and

//
//
//
//
//

[PROPOSED] Order of Dismissal- 1

4. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement between the Parties.

IT IS SO ORDERED.

This \_\_\_\_ day of June, 2022

_____
Stanley A. Bastion
Chief United States District Court Judge

[PROPOSED] Order of Dismissal- 2